UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROSA HERNANDEZ | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | NO. 4:23-cv-0390-P |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
|     Defendant | § | JURY TRIAL REQUESTED |

### PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE PRESIDING:

COMES NOW, Plaintiff Rosa Hernandez, and files her First Amended Original Complaint, and would respectfully show the following:

**1.00  PARTIES**

1.01  Plaintiff Rosa Hernandez is an adult citizen of the State of Texas.

1.02  Defendant Wal-Mart Stores Texas, LLC is a foreign limited liability company organized and existing under the laws of the State of Delaware and having its principal place of business in Arkansas.  Defendant regularly conducts business activities in the Northern District of Texas such that Defendant is subject to personal jurisdiction in this District.  Defendant has already made an appearance and is properly before the Court for all purposes.

**2.00  JURISDICTION AND VENUE**

2.01  This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332(a), in that there exists a complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

2.02    Venue is proper in this Court because, under 28 U.S.C. §1391(b)(1), a civil action may be brought in any district in which a defendant resides, and under 28 U.S.C. §1391(d), Defendant is deemed to reside in this district because Texas is a state with more than one judicial district, because Defendant is subject to personal jurisdiction in more than one judicial district, and because Defendant's contacts in this district are sufficient to subject it to personal jurisdiction. Further, venue is proper under 28 U.S.C. §1331(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Texas.

**3.00    FACTS**

3.01    Defendant is the owner and/or operator of a Wal-Mart store located at 2610 W. Pioneer Parkway, Pantego, TX, in the Northern District of Texas.

3.02    On May 4, 2022, Plaintiff was an invitee and paying customer at Defendant's store.

3.03    As Plaintiff was shopping in the produce department, unbeknownst to Plaintiff, there was a liquid substance on the floor that caused Plaintiff to slip and fall, seriously injuring Plaintiff. Defendant placed mats on the floor that were soaked with liquid and the liquid was migrating from the mats onto the surrounding floor.

3.04    The occurrence causing the injury to Plaintiff was the result of the negligence of Defendant, its agents, servants and/or employees, which negligent acts and/or omissions were committed by Defendant's agents, servants and/or employees while in the course and scope of their employment with Defendant.  Therefore, Defendant is liable pursuant to the doctrine of respondeat superior.

3.05    On the date of the incident, Defendant was the owner and/or operator of the premises where Plaintiff's injury occurred and was in control of the premises where Plaintiff's injuries occurred, as Defendant retained and exercised control and supervision over the premises.

3.06     On the date of the incident, Defendant through its agents, servants and/or employees, failed to exercise the degree of care owed to Plaintiff and was negligent for allowing an unreasonably dangerous condition (the liquid substance and/or the soaked mats) to exist on Defendant's premises.

3.07     Defendant knew, or should have known, that the condition of the premises presented an unreasonable risk of harm to its invitees, including Plaintiff.

3.08     Defendant knew, or should have known, of the unreasonably dangerous condition of the premises, as such condition existed for such a length of time that Defendant, during reasonable inspections of its property, had actual or constructive knowledge of the condition.

3.09     Defendant was negligent for failing to protect its invitees, including Plaintiff, by failing to eliminate or reduce the risk of the unreasonably dangerous condition of its property.

3.10     Defendant was negligent for failing to adequately warn its invitees, including Plaintiff, of the unreasonably dangerous condition of the property.

3.11     Plaintiff was not aware of the unreasonably dangerous condition of the property before she encountered it.

3.12     A retail store owner/operator exercising ordinary prudence under the same or similar circumstances would have ensured that its agents, servants and/or employees timely corrected the unreasonably dangerous condition of its premises and/or waned of such condition.

3.13     Defendant's negligence above was a proximate cause of the occurrence in question and Plaintiff's resulting injuries and damages.

**4.00     <u>DAMAGES</u>**

4.01     Plaintiff suffered bodily injuries to her neck, shoulder, arm, wrist, back and general body as a proximate result of the Defendant's actions and/or inactions.

4.02   Plaintiff was caused to incur reasonable and necessary medical treatment and expenses in the past.

4.03   Plaintiff will, in reasonably probability, continue to incur medical expenses in the future.

4.04   Plaintiff suffered physical impairment in the past.

4.05   Plaintiff will, in reasonable probability, continue to suffer physical impairment in the future.

4.06   Plaintiff suffered physical pain and mental anguish in the past.

4.07   Plaintiff will, in reasonably probability, suffer physical pain and mental anguish in the future.

4.08   Plaintiff suffered a loss of earning capacity in the past.

4.09   Plaintiff will, in reasonable probability, suffer a loss of earning capacity in the future.

4.10   Plaintiff would show that the above and foregoing elements of actual damages have a monetary value in excess of the $75,000.00 minimal jurisdictional limits of this Court, for which actual damages Plaintiff now sues.

**5.00   REQUEST FOR A JURY TRIAL**

5.01   Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby requests a trial by jury.

**6.00   RELIEF REQUESTED**

6.01   Plaintiff requests that Defendant be cited to appear and answer herein and that upon final determination of this cause of action, Plaintiff have and recover judgment against Defendant for all actual damages to which she may be entitled; that Plaintiff recover all pre-judgment and post-judgment interest as allowed by law; that Plaintiff recover all costs of Court; and Plaintiff requests

for such other and further relief, both general and special, in law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**JOHN R. SALAZAR, P.C.**

*/s/ Louis S. Hakim*

**LOUIS S. HAKIM**
Texas State Bar No.  24012761
THE SALAZAR CENTER
2201 Main St., 9th Floor
Dallas, Texas 75201
(214) 696-5292
(214) 698-5656 (Fax)
LHAKIM@JOHNSALAZAR.COM

**ATTORNEY FOR PLAINTIFF ROSA HERNANDEZ**

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of May, 2023, I electronically filed the foregoing document with the clerk for the United States District Court for the Northern District of Texas using the electronic case filing system of the Court.  The electronic case filing system will send a "Notice of Electronic Filing" to all attorneys of record.

*/s/ Louis S. Hakim*

**LOUIS S. HAKIM**